■ MICHAEL RUTKOWSKI, an Infant, by His Guardian ad Litem, HENRY RUTKOWSKI, et al., Respondents, et al., Plaintiffs, v. H. C. BOHACK CO., INC., et al., Appellants.— In an action to recover damages for personal injury, loss of services and medical expenses, defendants appeal from a judgment of the Supreme Court, Queens County, entered October 4, 1961 after trial on a jury's verdict for $25,000 in favor of the infant plaintiff Michael Rutkowski, and for $5,000 in favor of plaintiff Henry Rutkowski (the infant's father). Judgment reversed on the law and on the facts, and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, the plaintiffs shall stipulate: (a) to reduce to $9,000 the amount of the verdict in favor of the infant plaintiff; and (b) to reduce to $1,000 the amount of the verdict in favor of the plaintiff Henry Rutkowski, in which event the judgment, as so reduced, is affirmed, without costs. In our opinion, the verdict as to both plaintiffs was excessive. The award to the infant plaintiff, insofar as it was based on a finding that he had suffered permanent serious brain damage, is against the weight of the credible evidence. The verdict in favor of the plaintiff father is neither supported by a showing of tangible depreciation in services rendered by the infant, nor based on expenses incurred in his behalf. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ DAVID SCHOTT, Appellant, v. HERTZ CORP. et al., Respondents.— In an action to recover damages for personal injury, the plaintiff appeals: (1) from an order of the Supreme Court, Nassau County, entered October 15, 1962, denying his application for a general preference under the general preference rule; and (2) from an order of said court entered January 22, 1963, denying his motion for reconsideration on condition that defendants stipulate to the removal of the action to the County Court or the District Court of Nassau County, and directing that if defendants failed to so stipulate a general preference is granted. Appeal from order of October 15, 1962 dismissed. Said order was superseded by the order of January 22, 1963. The latter order denied a motion "for reconsideration". But actually such motion was a renewed motion for a general preference (under the general preference rule) based on the additional facts that the defendant corporation was a nonresident of Nassau County and that at the time of the commencement of the action jurisdiction over such defendant could be obtained only in the Supreme Court. The order denying such a motion is appealable and supersedes the order on the original motion. Order of January 22, 1963, reversed, with $10 costs and disbursements; plaintiff's renewed motion for a general preference granted; and action remitted to the Trial Term, Supreme Court, Nassau County, for the entry of an order giving an appropriate calendar preference to the action (see *Martirano* v. *Valger*, 19 A D 2d 544; *Slater* v. *Margolin*, 13 A D 2d 450). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.